IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                                                           No. CR 12-0276 JP

JULIAN GUILLERMO NAVARRO-MORALES,

    Defendant.

MEMORANDUM OPINION AND ORDER

      This matter is before the Court on Defendant's motion for clarification (Doc. 53) filed on August 19, 2013, and his Motion and Declaration in Support of Motion to Proceed "ExPost Facto Law" (Doc. 55) filed on October 9, 2013 (together the "motion"). Defendant alleges that his sentence was calculated incorrectly. He also alleges that the sentence was imposed under Sentencing Guidelines that increased the applicable sentencing range after he committed his crime. Defendant contends that his sentence is illegal and violates the Ex Post Facto Clause, U.S. Const. art. I, § 10. He apparently seeks a reduction of his sentence.

      No relief is available on Defendant's motion as it is presented. After a judgment of conviction is entered, the Court's authority to modify a sentence is limited to specific statutory authorization, *see* 18 U.S.C. § 3582; *United States v. Soto-Holguin*, 163 F.3d 1217, 1220 (10th Cir. 1999); *United States v. Smartt*, 129 F.3d 539, 540-41 (10th Cir. 1997); *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997); *United States v. Blackwell*, 81 F.3d 945, 947-49 (10th Cir. 1996), and the motion is not brought under any of the applicable statutory provisions.

      Relief from an allegedly illegal sentence, if available, must be pursued under 28 U.S.C.

§ 2255: relief is available where "the sentence was imposed in violation of the Constitution or laws of the United States." § 2255(a). The terms of § 2255 provide the exclusive avenue for an attack on a federal criminal conviction or sentence. *See Baker v. Sheriff of Santa Fe County*, 477 F.2d 118, 119 (10th Cir. 1973); *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (§ 2255 "supplants habeas corpus"). "It is the relief sought, not [the] pleading's title, that determines whether the pleading is a § 2255 motion," *United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006), and Defendant's pro se characterization of his claims is not dispositive, *see Roman-Nose v. New Mexico Dep't of Human Serv.*, 967 F.2d 435, 436-37 (10th Cir. 1992). Defendant has not previously filed a motion under § 2255 to correct his sentence, and he makes no allegation that § 2255 is "inadequate or ineffective." *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999). His claims must be brought under § 2255.

The Court of Appeals for the Tenth Circuit has addressed the situation where a defendant who has not filed a § 2255 motion files a motion seeking relief from a conviction or sentence imposed by the court.

> [D]istrict courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.

*Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998), *quoted with approval in United States v. Kelly*, 235 F.3d 1238, 1242 (10th Cir. 2000)); *and see United States v. Torres*, 282 F.3d 1241, 1246 (10th Cir. 2002) (noting that the restrictions apply if a § 2255 motion has not been filed). The Court finds that Defendant's motion should be treated as a § 2255 motion, notwithstanding its current

designation, because of the nature of the relief sought.  In light of the ruling in *Kelly*, the Court notes that **(1) a one-year limitations period applies to a § 2255 motion; and (2) if Defendant proceeds under § 2255, he may be prohibited from subsequently filing a second motion.**  If Defendant does not respond to this Order, the Court may either dismiss the motion as not presenting cognizable post-conviction claims or treat the motion as if it were filed under 28 U.S.C. § 2255.

      IT IS THEREFORE ORDERED that Defendant is hereby NOTIFIED that, within twenty-one (21) days from entry of this Order, he may (1) withdraw his motion, (2) notify the Court in writing that he agrees to have the motion recharacterized and adjudicated as a motion under 28 U.S.C. § 2255, or (3) file a § 2255 motion presenting all of his claims against his conviction and sentence; and the Clerk is directed to send Defendant a form § 2255 motion.

*/s/ James A. Parker*
_____
UNITED STATES DISTRICT JUDGE